## GEORGE W. TYLER *v.* L. D. GREEN.

PRE-EMPTION RIGHT TO PUBLIC LAND—PROOF OF.—In an action to recover possession of public land, where the plaintiff claims to recover by reason of prior possession, and the defendant claims as a pre-emptor under the laws of the United States, he is entitled to prove the necessary facts to establish his pre-emption right.

SAME.—Where a defendant has not been called upon to state whether he expected to prove all the facts essential to his defense, his testimony should not be rejected, because his offer does not embrace every fact necessary to establish it.

IMMATERIAL ERROR.—A judgment will not be reversed for an error that could not affect the rights of the parties.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

Previous to 1863, J. D. Able had been for four or five years in possession of a tract of land in San Joaquin County, and was residing on the same, and had it inclosed. In 1862, Frank Stewart recovered a judgment against him for over two thousand dollars. An execution was issued on the judgment, and the land was sold by the Sheriff to the plaintiff in this action, who in due time received a Sheriff's deed. In the spring of 1863, Able left the land, and Green, the appellant, went into possession. Tyler, the respondent, brought this action to recover possession, claiming to recover on his Sheriff's deed and Able's prior possession.

It appeared that the day before the trial the Sheriff had amended his return on the execution by inserting a more particular description of the land levied on. The defendant objected to the amended return being received in evidence. The Court overruled the objection. Plaintiff recovered judgment, and defendant appealed.

The other facts are stated in the opinion of the Court.

*J. H. Budd*, for Appellant.

The amended return of the Sheriff was not competent evidence against defendant, Green—Green not having been a party to the attachment suit. (*Newhall* v. *Provost*, 6 Cal. 85; *Webster* v. *Hayworth*, 8 Cal. 41; *Emerson* v. *Upton*, 9 Pick. 167; *Freeman* v. *Paul*, 3 Greenl. 260; *Putnam* v. *Hall*, 3 Pick. 445.)

Defendant Green had a right to occupy unsurveyed lands of the United States in California, if a qualified pre-emptor. (Laws of the United States, Vol. 12, p. 410, Sec. 7; Ib. Vol. 10, p. 305; Ib. Vol. 10, pp. 309, 310, Secs. 10 and 12; Ib. Vol. 10, p. 576, Chap. CCXLIX.)

Green, by his settlement on the land sued for, if a competent pre-emptor, acquired rights that the Courts must recognize and respect. He is not a wrongdoer. (*McAfee* v. *Kein*, 7 Smedes & Marshall, 780; *Little et al.* v. *The State of Arkansas*, 9 Howard, 333–5; *Terry* v. *Megerle*, 24 Cal. 609.)

In this case Green, the defendant, has connected himself

with the title of the United States as the owner, (*Kile* v. *Tubbs*, 23 Cal. 442,) and one connecting himself with the title of the owner can always successfully defend against one who claims merely as prior possessor. (*Moore* v. *Moore*, 8 Shepl. 350; 1 Leon, 301; 2 Green. Ev. Sec. 625.)

*Tyler & Cobb*, for Respondent.

A party in possession of public lands may mortgage his interest, and his right may be taken and sold upon execution. (*Whitney* v. *Buckman*, 13 Cal. 536. See, also, 3 Cal. 263; 4 Cal. 247; 12 Cal. 290.)

Is it necessary that defendant should retain possession of any portion of the land in controversy, to give him the benefit of his pre-emption right, if he has one, when the lands are surveyed and the plats returned to the Land Office? We say no. His pre-emption claim is just as perfect now, and he can enforce it just as well when the land is surveyed, if he is now ousted by the action of this Court, as he could if he was to remain in possession of the whole land up to that time.

By the Court, SAWYER, J.

This case differs from *Page* v. *Hobbs*. In that case the declarations of intention filed in the Land Office were not admissible, because they were made for the purpose of acquiring a pre-emption right to lands which, at the time, were not subject to pre-emption. They were of no validity, and therefore irrelevant. In this case the defendant sets up in his answer that the lands in question are public lands of the United States, subject to pre-emption, and alleges that he is in possession claiming a pre-emption right; also averring the necessary facts to constitute that relation. On the trial he offered to prove by competent witnesses several of the facts averred, and necessary to establish his pre-emption right. The plaintiff objected on the ground that the evidence was "improper and irrelevant." The objection was sustained and the testimony excluded. The evidence was certainly relevant to

the issues raised by the pleadings, and necessary to sustain the defense of lawful possession giving a pre-emption right. It is now contended, however, by respondent that the evidence was inadmissible because the offer did not embrace every fact necessary to establish the defense. It was relevant as far as it went. The defendant may not have been able to prove all the facts by the witnesses then under examination. It may be that he intended to prove other facts by other witnesses, who did not know the facts now offered. It does not appear that he was called upon to state whether he intended to follow the testimony offered by other testimony or not. As this essential evidence was excluded, it would have been useless to offer testimony as to the other facts necessary to sustain this defense, because without the testimony offered and excluded he must necessarily have failed on that defense. It does not appear that the evidence was excluded, because the defendant did not propose to prove the other facts essential to his defense. If this was the point of the objection it should have been so stated. The objection was general that it was improper and irrelevant. The Act of Congress of 1862 (12 Stats. at Large, 410, Sec. 7) extended the right of pre-emption to unsurveyed lands in California. We think the exclusion of the testimony was error.

If there was error in allowing the Sheriff to amend his return to the execution, it in no way affected the defendant, for he claimed no title under the defendant in the execution. No rights were acquired under the defendant in the execution, between the times of making and amending the return.

Judgment reversed and new trial ordered.